542

**Ex parte D'ELIA.**

**No. 282.**

District Court, E. D. Kentucky.

Sept. 15, 1943.

James J. Galdieri, of Jersey City, N. J., and J. A. Edge, of Lexington, Ky., for petitioner.

John T. Metcalf, U. S. Atty., of Lexington, Ky., and Claude P. Stephens, Asst. U. S. Atty., of Prestonsburg, Ky., for respondent.

FORD, District Judge.

The petitioner, Dr. Louis G. D'Elia, seeks a writ of habeas corpus releasing him from confinement in the United States Public Health Service Hospital at Lexington, Kentucky, where he is now held in custody under a sentence of imprisonment imposed by the District Court of the United States for the District of New Jersey.

On October 27, 1942, an indictment containing eight counts was returned by the grand jury of the Distict of New Jersey against the petitioner. Each count charged the petitioner with committing a separate violation of the Harrison Narcotic Act, 26 U.S.C.A. Int.Rev.Code, §§ 2550 et seq., 3220 et seq., by securing possession of narcotic drugs through the use of a fictitious prescription. On November 17, 1942, the petitioner, after being arrested upon a bench warrant, arranged for cash bail in the sum of $1,000 for his appearance before the District Court at Jersey City to answer this indictment. On December 15, 1942, he appeared before the Court and entered a plea of guilty. The Court continued him on bail and deferred sentence to await a report by the Probation Department. On January 8, 1943, a sentence of five years imprisonment on each count was imposed by the Court, all sentences to run concurrently.

The petitioner rests his right to the relief herein sought upon the claim that the sentence thus imposed upon him is void for lack of jurisdiction of the Court

to render it for the reasons that, at the time of his arraignment and sentence, (1) he was without the assistance of counsel as guaranteed by the Sixth Amendment, and did not competently and intelligently waive his constitutional right to such assistance; (2) that he was not adequately apprised of the nature and gravity of the charges against him and at the time of entering his plea of guilty he was not competent to exercise an intelligent or informed judgment in regard to the matter.

■ Where a prisoner seeks the extraordinary remedy of habeas corpus to secure his release from confinement, imposed by the judgment of a court, the burden rests upon him to establish the essential facts entitling him to such relief, "not as a matter of speculation but as a demonstrable reality." Adams v. United States, 317 U.S. 269, 281, 63 S.Ct. 236, 242, 87 L.Ed. ——, 143 A.L.R. 435; Johnson v. Zerbst, 304 U S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ Whether, in a certain case, there was an intelligent, competent, self-protecting waiver of the constitutional right to assistance of counsel and whether, without advice of counsel, an accused was competent to enter a plea of guilty in the exercise of an intelligent, informed judgment, are questions which must be determined upon the special facts and circumstances surrounding that particular case, including the background, experience and conduct of the accused. The determination of such questions does not depend merely upon whether certain conventional formalities of procedure were or were not observed. Johnson v. Zerbst, supra; Adams v. United States, supra.

■ The evidence shows that we are not here dealing with the case of an ignorant, uneducated, inexperienced man, without friends or resources available for self-protection, or the intelligence to understand his situation. The petitioner, a man 38 years of age, was born in Jersey City and lived there and in that vicinity practically all his life prior to his present commitment. After completing high school, he attended Columbia University one year, and George Washington University three years. He thereafter completed a four-year course in medicine at the University of Tennessee. In 1932, following his hospital internship of one year, he entered upon the practice of his profession at Jersey City and has ever since lived and engaged in the practice of medicine in that vicinity with fair success.

While it is undisputed that, at the time of his arraignment and sentence, the indictment was not read to the petitioner, it does not necessarily follow that he was not sufficiently aware of the nature of the charges against him to competently and intelligently enter a plea of guilty. Nor is the fact established that the petitioner was not possessed of sufficient knowledge and understanding of his constitutional right to the assistance of counsel to enable him to intelligently waive such right, by merely showing that at the time of his arraignment the Court did not give him any advice on the subject.

The petitioner was not without experience in matters of this kind. He had been previously indicted upon similar charges and at that time was represented by employed counsel. But in this case he made no effort whatever to consult with or secure the assistance of counsel. His conduct in this respect tends to discredit his claim that he desired such assistance and is rather convincing that, due to his decision to plead guilty to the charges, he reached the conclusion that the presence of counsel on his behalf would serve no useful purpose.

The uncorroborated testimony of the petitioner that at the time of his arraignment and plea he was too ill to understand or appreciate the nature of the proceedings and that he was not sufficiently informed of the nature of the charges against him to exercise an intelligent judgment in regard to his plea is met by the testimony of the Assistant District Attorney to the effect that at the time of petitioner's arraignment on December 15, 1942, he made no complaint and gave no appearance or indication of being incapacitated in any way; that he informed petitioner, in the presence of the Court, as to the number of counts in the indictment and that each of them charged him with the illegal issuance of a prescription for the obtaining of narcotic drugs, and by the admission of the petitioner that he understood he was charged with illegally prescribing narcotics.

In view of petitioner's intelligence, education, background and experience and the facts and circumstances surrounding his indictment, arrest, arraignment and sentence, I am of the opinion that he has not established by a preponderance of the

evidence that at the time of entering his plea of guilty to the indictment he was not adequately informed as to the nature of the charges or that he was not competent to exercise an intelligent, informed judgment or that he did not intelligently and competently waive his constitutional right to assistance of counsel. Failure of the petitioner to sustain the burden resting upon him requires that his petition be denied.